■ RICHARD D'ARCANGELO et al., Plaintiffs, v ROBERT L. BURNETT, Defendant and Third-Party Plaintiff-Respondent. RAYMOND F. SCOTT, Third-Party Defendant-Appellant. (Appeal No. 1.)—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff Richard D'Arcangelo, not a party to this appeal, was severely injured when defendant and third-party plaintiff-respondent Burnett's vehicle struck the rear of D'Arcangelo's automobile and propelled it into the front of third-party defendant-appellant Scott's truck. At the time of the impact the plaintiff was standing in the front of his disabled vehicle and between it and appellant Scott's truck while Scott was assisting the plaintiff to start his automobile. Plaintiff settled his claim against respondent for $100,000 and respondent commenced this action against appellant for contribution, alleging that appellant's negligence was partially responsible for the collision which caused plaintiff's injuries. The jury assessed appellant's liability at 30% and it is from this judgment that third-party defendant Scott appeals. The parties stipulated, and the court so charged, that the respondent had the burden of proving that he was negligent and liable to the prime plaintiff, that appellant was guilty of negligence that contributed to the happening of the accident and that the plaintiff was not guilty of contributory negligence. Appellant contends that there is no credible evidence from which the jury could have found him negligent, that even if he was negligent the jury could

not rationally have found him so without also finding the prime plaintiff contributorily negligent, and in any event the jury apportioned an excessive percentage of the damages to him. Respondent claims that the principal act of negligence on appellant's part was in having his front lights on high beam while parked, that this fact confused respondent as to the situation which confronted him and caused him to strike the rear of plaintiff's automobile. The evidence presents a classic case for jury resolution. The conflicting versions of the parties were properly presented to the jury with a charge by the court to which no exception was taken by either party. Appellant's contentions relate only to issues of fact and his brief contains no question of law or any citation of authority. The fixing of the percentages of responsibility is peculiarly a matter for jury determination and its verdict in this respect, as in all other respects, should not be disturbed. (Appeal from judgment of Steuben Supreme Court apportioning settlement proceeds in negligence action.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.